## W. H. MERTEN v. SAN ANGELO NATIONAL BANK.

LIMITATION—*Statute of—Void Judgment—Res Judicata.* A judgment was rendered in the state of Texas upon a promissory note. The judgment was void for the reason that defendant had not been served with process. Subsequently, an action was brought in this territory on said void judgment. To this action the defendant pleaded: *First,* the statute of limitations; *Second,* that the judgment was void. The court ruled the plaintiff to reply to the paragraph of defendant's answer setting up the bar of the statute of limitations. Plaintiff, failing to reply, the court, for such default, rendered judgment that plaintiff take nothing by his action and that the defendant recover his costs. The proceedings were under the code of civil procedure of 1890. In a subsequent action brought upon said promissory note, *held*: that the judgment of default on the plea of the statute of limitations in the former action, was not *res judicata* as to the validity of the Texas judgment, or whether said note was merged therein. That an action could be maintained on said note notwithstanding said Texas judgment and the proceedings thereon in this territory.

*Error from the District Court of Logan County.*

Action instituted in the district court to recover on a promissory note. Plaintiff had judgement, from which the defendant appeals.

*Asp, Shartel & Cottingham,* for plaintiff in error.

*Cotteral & Hornor,* for defendant in error.

The opinion of the court was delivered by

TARSNEY, J.: This is an action instituted in the district court of Logan county to recover on a promissory note, executed by the plaintiff in error, W. H. Merten, payable to the order of the defendant in error, the San Angelo National bank, dated at San Angelo, Texas, June 22, 1886, for $1,000. On September 3, 1888, the bank brought suit on this note in the district court of Tom Green County, in the state of Texas, and recovered

judgment on the note on November 16, 1888. The judgment was a personal judgment.

At the time of the commencement of said action in the state of Texas, the statutes of said state assumed to authorize the service of process by personal service of summons upon a defendant outside of the state of Texes. The defendant in that action was then residing at Wichita, in the state of Kansas. The only service of process in the action was that of serving the summons therein upon the defendant at Wichita, Kansas, and there was no attempt to have the defendant summoned by any constructive service.

On August 1, 1892, Merten, then being a resident of Logan county, Oklahoma Territory, the bank instituted a suit in the district court of said county on the judgment obtained in Texas. To the petition in that cause, the defendant answered in two paragraphs, as follows:

"First. That the action on the said pretended judgment was barred by the statute of limitations. Second. That the pretended judgment was rendered without process conferring jurisdiction, and void."

Afterwards, on November 1, 1893, said court rendered judgment in said cause, as follows:

"Now on this first day of November, 1893, this cause coming on for trial in its regular order, pursuant to the assignment of causes on the calendar of the court, and the plaintiff appearing not in person nor by attorney, and the defendant appearing by Asp, Shartel & Cottingham, his attorneys, who make application for judgment by default against the plaintiff, and ·the court having examined this cause, finds that said plaintiff is in default of a reply to the matter of the defense contain in the first paragraph of the answer of said defendant; that said plaintiff has been duly ruled to reply and that such rule has long since expired. Therefore the court finds that the defendant is entitled to judgment. The plaintiff is

three times duly called and comes not. It is, therefore, considered, ordered and adjudged that the plaintiff take nothing by this action; that the said defendant, W. H. Mertin, have and recover of and from said plaintiff the costs of this action, taxed at $——.''

The fundamental propositions relied upon by the plaintiff in error in this cause are: (1) A note once placed in judgment is merged therein, and no further suit will lie thereon. In order for the plaintiff to maintain this action, it was necessary for him to impeach the existence of the judgments previously rendered. (2) A material proposition once litigated and established can never be reopened by the same parties in another suit. (3) The former adjudication that the original judgment was barred by the statute of limitations expressly affirmed its existence and proper original rendition; and (4), that the right to maintain the present action being dependent on the impeachment of the fundamental ground work of a former decision of the same court between the same parties, the evidence tending to impeach that judgment should have been excluded in the first instance and disregarded in the second and judgment should have gone for the defendant in the court below instead of the plaintiff.

It is conceded in argument by counsel that the statute of Texas assuming to authorize the personal service of process outside of the state, was invalid; that there was no service upon the defendant in the action in that state; that the court had no jurisdiction to render a personal judgment against the defendant; that the judgment was therefore a nullity and could not in any manner bind the defendant; that the cause of action sued on, namely, the note in question, was not merged in a valid judgment, but the contention is that, though the judgment was

void, the plea of the statute of limitations having been interposed by the defendant against it when the judgment was sued upon in this territory, such plea admitted the existence of the judgment and the plea being sustained by the court, it was an adjudication by the court of the existence of a judgment in which the note was merged; that by the admission of said plea that a judgment existed, defendant is estopped from now denying its existence and that the judgment of the court, upon tne plea of limitation, was an adjudication of the existence of a judgment against which the statute had run, and that such judgment is *res judicata.*

We are favored with an extensive and able argument, and by the citation of many authorities by counsel, showing the nature and effect at common law of a plea of the statute of limitations. We do not deem it necessary that we should make an analysis of the authorities or determine the accurate effect, the niceties, or the fictions of common law pleading, in order to determine the rights of the parties to this action. It is sufficient to say that we cannot concede the full force of the contention of counsel that the plea is an admission that the plaintiff once had a cause of action. At the common law, pleas in bar were not susceptible of any other division than (1) pleas of *traverse* or *denial*, and (2) pleas by way of *confession* and *avoidance*. An important rule of pleading deducible from the principle that a plea in bar must traverse, or confess and avoid the matter to which it applied, was that a plea in confession and avoidance must *give color*, that is, that it must give the plaintiff credit for having an apparent or *prima facie* right of action, independently of the matter disclosed in the plea, to destroy it; (Tidd's Practice, 552).

Mr. Stevens, in his work on pleadings, page 220, says:

"With respect to the quality of these pleadings, it is a rule that every pleading by way of confession and avoidance *must give colour*. This is a rule which it is very essential to understand in a view to a correct apprehension of the nature of these pleadings; yet it appears to have been not hitherto adequately explained or developed in the books of the science. *Colour* is a term of the ancient rhetoricians and was adopted at an early period into the language of pleadings. As a term of pleading it signifies an apparent or *prima facie* right, and the meaning of the rule that every pleading in confession or avoidance must give color, is that it must admit of an apparent right in the opposite party, and rely, therefore, on some new matter by which that apparent right is defeated."

So that by the rules of common law pleading, we see that a plea in bar, by way of confession and avoidance, was not always considered as a solemn and binding confession or admission of the facts alleged as the plaintiff's cause of action, but was regarded as a fiction to give color, by an admission of the plaintiff's apparent or *prima facie* right to recover. As the validity of the judgment and the merits of the cause of action sued on, was not involved or to be determined by the court upon the issue presented by the plea of the statute of limitations, we cannot hold that the fiction or implied confession or admission contained in the common law plea of confession and avoidance, in pleading the statute of limitations, is such an admission as would create an estoppel or involve the application of the principle of *res judicata* to matters not in issue upon the plea of limitations or adjudicated by the court under that special plea.

In addition to the defense of the statute of limitations, the defendant pleaded that the judgment sued on was

rendered without process conferring jurisdiction and was void. These pleas were not inconsistent. The defendant, in his answer of new matter—the running of the statute of limitations—in order to avoid the cause of action, need not, in fact, confess it. He had a right to say, "I deny your alleged cause of action, but if you shall succeed in proving it, still I am not liable, because you have no right to maintain an action against me now, because, whether good or bad your cause, you did not commence action upon it within the time permitted by law."

The plea of the statute of limitations goes only to the remedy and not to the merits of the cause of action· The answer having presented a denial of the validity of the judgment, presented an issue upon the merits without necessity for a replication. A judgment upon that issue, other than a judgment of dismissal, could not be taken by default even under the procedure of the common law. The proceedings in that action were not under the rules of the common law. For years the tendency of American legislation has been towards simplifying the procedure in courts of justice. The technicalities and fictions of common law pleading and practice have been largely abolished. Rules that made falsehood an essential to the statement of a cause of action or to the defense, have been abrogated, and rules of pleading that determined life and property by fiction or technicality, rather than by considerations of justice, have here given way to the rule of common sense.

This territory is in the van in this judicial emancipation. The statutes in force in this territory, when these proceedings were had, provides as follows, Statutes of Oklahoma, 1890, § 4377:

"The first pleading on the part of the plaintiff is the complaint. The complaint shall contain, first, the title of the cause, specifying the name of the court and the county in which the action was brought and the names of the parties to the action, plaintiff and defendant. Second, a statement of facts, constituting the cause of action, in plain and concise language without repetition and in such manner as to enable a person of common understanding to know what is intended.

"SEC. 4386. The answer shall contain: First, a denial of each allegation of the complaint controverted by the defendant. Second, a statement of any new matter constituting a defense, counter-claim or set-off, in plain and concise language. Third, the defendant may set forth in his answer as many grounds of defense, counter-claim and set-off, whether legal or equitable, as he shall have. Each shall be distinctly stated in a separate paragraph, and numbered and clearly refer to the cause of action intended to be answered.

"SEC. 4415. In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties, but when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment.

"SEC. 4372. An action may be dismissed without prejudice. First, by the plaintiff before the jury retires, or, when the trial is by court, at any time before the finding of the court is announced. Second, by the court, where the plaintiff fails to appear on the trial. Third, by the court, on the refusal to make the necessary parties, after having been ordered by the court. Fourth, by the court, on the application of some of the defendants, where there are others whom the plaintiff fails to prosecute with diligence. Fifth, by the court, for disobedience by the plaintiff of an order concerning the proceedings in

the action.   In all other cases upon the trial the decision must be upon the merits."

It was under the provisions of this statute that the proceedings were had and the judgment rendered, which is the subject of this controversy.   It was for a violation of, or a disobedience specified in, the fifth clause of this last quoted section that the judgment was rendered. ' The court had ruled the plaintiff in the action to reply to defendant's plea of the statute of limitation.   The judgment recites that:

"The court having examined this cause, finds that said plaintiff is in default of a reply to the matter of the defense contained in the first paragraph of the answer of said defendant; that said plaintiff had been duly ruled to reply, and that such rule has long since expired.   Wherefore, the court finds that the defendant is entitled to judgment."

Giving the statute a plain, liberal construction and one that shall be in the furtherance of justice, what would be the effect of this judgment?   Does it not mean that for default in complying with a rule or order of the court concerning the proceedings in the action, his action should be dismissed without prejudice?   Certainly it was not the intention of the legislature to make the procedure more drastic and more oppressive to litigants than the procedure at common law.   They intended to liberalize the procedure and not to make it more unjust or oppressive.

This would have been a judgment of non-suit at common law.   A non-suit is the result of an abrupt termination of an action, after it has been put at issue, without determining such issue.   It is the name of a judgment given against the plaintiff because of his neglect or default.   The form of the judgment in this case is

the same as that of a judgment of non-suit at common law, viz:

"Therefore, it is considered by the court that plaintiff take nothing by his suit and that defendant recover of plaintiff his costs."

It being conceded that the judgment rendered by the court in Texas was without jurisdiction and therefore a nullity, the note which was the cause of action therein sued on, was not merged in any judgment.   The note was not sued on in the first action commenced in this territory, but the suit was upon the void judgment in which there was no merger of the note.   The defendant denied the validity of the judgment; at the same time he invoked the statute of limitations.   The court ruled the plaintiff to reply to the plea of the statute of limitations.   This he failed and neglected to do.   The court dismissed his action for this disobedience of its rule and adjudged him to pay the costs.   There was no adjudication of the merits.   Had the plaintiff complied with the rule of the court and filed a reply to the paragraph of the answer setting up the statute of limitations, thus forming an issue upon that plea, and had that issue been determined against the defendant, were it determined that the statute of limitations had not run, the cause would have then stood for trial upon the issue of the validity of the judgment, and until that was determined, the principle of *res judicata* would not have attached.   This case is without exact precedent as far as we are advised or our own research will enable us to determine.   We confess that there are some propositions involved that are not free from doubt, but of this we are certain, that there is no doubt as to where right and justice point in this controversy.   The defendant gave his promissory note for value; he has not paid the same.   The plaintiff has for years

38—v.

been deprived of that to which in good conscience and common honesty it was entitled. The defendant has been deprived of nothing by the proceedings behind which he seeks to shield himself. We would prefer, if we were compelled to determine this matter, by doubtful and unsatisfactory interpretation of authorities concerning the fictions and useless refinements of common law pleading, and should err, that our error should be on the side of commercial integrity and personal honesty, rather than in aid of the repudiation of just obligations.

For the reasons stated herein, the judgment of the court below is affirmed.

Dale, C. J., who presided in the court below, not sitting; all the other Justices concurring.